Allen, J.
The judgment of the Circuit court is assailed by both the plaintiffs and the defendant in error. *103 The latter insists that the attachment was defective, and should have been quashed, whilst the plaintiffs in error maintain that the attachment was free from objection, but that the Court erred in permitting the defendant in error to appear and make defence, and in refusing upon the merits, to give judgment for the whole of the debt claimed. The attachment is alleged to be defective, because it does not describe the character of the debt, whether due by bond, note or account. The attachment sets out that James M’Cluny, of the firm of James M’Cluny & Co., had complained and made oath, that the absconding debtor was indebted to the firm in the sum named, with interest. In this, it seems to me, the terms of the statute are complied with. The act does not require the warrant to describe the claim with the precision of a declaration. The amount due must be specified, as a guide to the officer, that he may attach so much of the debtor’s estate as may be sufficient to satisfy the debt and costs. The evidence of the debt is to be exhibited to the Court which passes upon the validity of the claim.
It is further maintained, that the bond executed by the party obtaining the attachment is defective, inasmuch as the condition binds the obligors to pay all costs which may be recovered of the firm, should the firm be cast in the suit, and also all damages which may be recovered of the firm for suing out the attachment; whereas it appears from the attachment, that it was sued out by one member of the firm alone. The attachment recites that James M’Cluny, of the firm of James M’Cluny & Co., made oath that the debtor was indebted to the firm. Both the cases referred to, of Kyles v. Connelly, 3 Leigh 719, and Jones & Ford v. Anderson, 7 Leigh 308, decide that it is competent for one partner to institute such a proceeding for the firm. Being a suit for a partnership demand, it must proceed in the name of the firm: and the judgment for costs, *104 should the plaintiffs be cast, would be against the firm. Here the bond was signed by both the members of the firm, and if a question could arise in any case, as to the liability of the firm for damages in consequence of one members suing out the attachment for a firm debt, it could not be raised in this case ; for by uniting in the bond, each partner recognized the proceeding as one instituted for the benefit of the firm, and for the consequences of which, the firm was responsible. In Jones & Ford v. Anderson, the attachment was sued out by one partner for a firm debt, but in the bond, the firm was not named, and for this it was held to be defective ; for the attachment was sued for the firm, and the bond was given by one member alone in his individual character, and not as a member of the firm ; whereas the law requires that the bond shall be given by the party for whom the attachment issued. In this case, that has been done. In the case of Kyles v. Connelly, the bond was executed by one partner, and recited that as one of the firm, he obtained the attachment, and of course not for himself but the firm ; and so the residue of the condition was considered as having reference to the partnership demand, and was such a bond as the defendant could recover on for costs incurred or damages suffered, by the attachment of Kyles. The phraseology of the bond here is different, and expressly provides for what the Court, in the case of Kyles v. Connelly, by a liberal construction, held to be the legal effect of that bond. The condition is precisely what the law requires according to those cases.
I think there is no valid objection to the form of the attachment or to the bond.
On the first calling of the case after the return, the defendant in error, alleging himself to be a subsequent attaching creditor, (a fact not controverted in the Court below, but apparently conceded throughout the proceedings,) appeared by his counsel, and claimed the right to *105 make defence, and shew that the plaintiffs’ debt did not exist, or was paid, and that thereby his subsequent attachment levied on the same property entitled him to shew that the property should enure to his attachment. The 8th section of the act 1 Rev. Code 477, provides that all attachments shall be repleviable by appearance and putting in good bail. When this is done, the cause is remanded to rules and there proceeded in, in like manner as if it had been commenced by writ. In the construction of this section, it was held in the case of Smith v. Pearce, 6 Munf. 585, that a third person might replevy the attached effects, although the debtor did not appear in person, and it appeared to the satisfaction of the Court, that he was still an absconding debtor. By the 12th section of the act 1 Rev. Code 478, it is provided that in all cases of attachment, the defendant shall be permitted to make defence, and any other person claiming the property may interplead, without giving bail, but the attached property shall not thereby be replevied.
This defence may be made without a personal appearance ; and I can perceive no good reason why a third person claiming a right to have his debt satisfied out of the attached properly, should not be permitted to make it, either in the name of the debtor or in his own name. He cannot interplead as a claimant of the property in his own right, because he is seeking to subject it to the payment of his debt as the property of the debtor. Generally speaking, the subsequent attaching creditor is the only person having an interest to controvert the justness of the claim preferred by the first. The debtor is a fugitive, and unless the subsequent creditor is permitted to make defence, a claim which he could shew to be unjust, might consume the whole estate, and the real creditor would be without remedy. Such a construction might lead to gross injustice, and would violate the spirit of the act which authorizes the *106 defendant to make defence without giving bail. The reasons and necessity for extending the privilege to third persons seeking for payment of their debts out of the attached property, are stronger than for permitting persons to replevy. The plaintiff in the first attachment, cannot object that this defence is made in the name of a creditor who will be liable for costs, rather than in the name of a fugitive, and generally an insolvent debtor.
At the trial of the cause, the plaintiffs claimed the amount of their account as the debt due from the defendant. It appeared that on settlement of their accounts, the defendant being in arrear to the amount of 547 dollars 46 cents, made his negotiable note to the plaintiffs, for which there was a credit on the books of the firm. The note being endorsed by the plaintiffs, was discounted for their benefit at the bank at Wellsburg, 200 dollars being paid, and a new note made by the debtor to the plaintiffs for the balance; it was endorsed by the plaintiffs, and with it the first note was retired. This last note had still some time to run at the date of the attachment, and was then held by the bank. Not being paid at maturity, it was protested and afterwards lifted by the plaintiffs. Upon this state of facts, it is not necessary to consider in this case, whether the making and acceptance of this negotiable security merged the simple contract, so that no action could be maintained for the original consideration. At the date of the attachment, the note was a valid security, held by a third party, who had a right to call for payment. Such payment would have extinguished the plaintiffs’ demand pro tanto. Whether the acceptance of the note under-such circumstances amounted to an extinguishment or discharge of the original debt or not, the remedy was suspended during the currency of the security. The plaintiffs could have no right of action before the dishonour of the note. Chitty on Bills 172; Chitty on *107 Contracts 766; Burden v. Halton, 15 Eng. C. L. R. 37. I think, therefore, the Court properly excluded the amount of this note from the plaintiffs’ claim, and that the judgment should he affirmed.
Baldwin and Daniel, J’s concurred in the opinion of Judge Allen.
Judgment affirmed.